UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LENROY MULLINGS,

                                         Plaintiff,

-against-

CITY OF NEW YORK, OWEN MONK, Individually,
SHIEED HANIFF, Individually, DANIEL PERRINO,
Individually, VINCENT LINDNER, Individually,
JOHN BULERIN, Individually, ROBERTITO NAVARRO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                         Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 1061
(RJD) (VVP)

<u>Jury Trial Demanded</u>

      Plaintiff LENROY MULLINGS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff LENROY MULLINGS is a forty-nine year old Jamaican American man presently residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, OWEN MONK, SHIEED HANIFF, DANIEL PERRINO, VINCENT LINDNER, JOHN BULERIN, ROBERTITO NAVARRO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On November 29, 2011, beginning at approximately 9:00 a.m., plaintiff was inside his home, located at 629 East 103rd Street, Brooklyn, New York, when defendant officers, including but not limited to OWEN MONK, SHIEED HANIFF, DANIEL PERRINO, VINCENT LINDNER, JOHN BULERIN, and ROBERTITO NAVARRO, entered his home, and aggressively approached plaintiff.

13. Without cause, necessity, or justification, officers grabbed plaintiff, slammed him to the ground, and repeatedly struck plaintiff, with, upon information and belief, their fists and feet, in the head, back, arms, shoulders, and ribs, and placed extremely over tight handcuffs on his wrists.

14. Plaintiff was transported to a police precinct and imprisoned in a cell, still rear handcuffed in an over tight manner.

15. Plaintiff repeatedly cried out from the pain caused by said handcuffs, and repeatedly requested that his handcuffs be loosened or removed.

16. Plaintiff was forced to remain imprisoned in the holding cell, in over tight handcuffs, for approximately three hours.

17. As a result of the brutal and unlawful acts of the defendant officers, plaintiff sustained physical and emotional injuries. Among other things, plaintiff was diagnosed and/or treated for a depressed left orbital floor fracture with associated trauma, swelling and bruising to

his left eye; a sprained radial collateral ligament with associated numbness in his thumbs; contusions to his chest wall, right elbow, and left ankle; pain to his shoulders and back; and abrasions to his left shoulder, back and left ankle.

18. Defendants OWEN MONK, SHIEED HANIFF, DANIEL PERRINO, VINCENT LINDNER, JOHN BULERIN, ROBERTITO NAVARRO, and JOHN and JANE DOE 1 through 10, either directly participated in assaulting, battering, and improperly handcuffing plaintiff, or stood by and watched plaintiff be assaulted, battered, and improperly handcuffed and failed to intervene in the improper conduct occurring in their presence, despite meaningful opportunities to intercede.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, engaging in falsification, as well as the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, that they engage in falsification, and that they subject individuals to excessive force.

21. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. As a result of the foregoing, plaintiff LENROY MULLINGS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff LENROY MULLINGS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff LENROY MULLINGS' constitutional rights.

33. As a result of the aforementioned conduct of defendants, plaintiff LENROY MULLINGS was subjected to excessive force and sustained physical injuries.

34. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     The defendants assaulted and battered plaintiff LENROY MULLINGS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

37.     As a result of the foregoing, plaintiff LENROY MULLINGS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

38.     As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants had an affirmative duty to intervene on behalf of plaintiff LENROY MULLINGS, whose constitutional rights were being violated in their presence by other officers.

41.     The defendants failed to intervene to prevent the unlawful conduct described herein.

42.     As a result of the foregoing, plaintiff LENROY MULLINGS was subjected to excessive force and he was put in fear of his safety.

43.     As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiff LENROY MULLINGS' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals, engaging in falsification, and subjecting individuals to excessive force for improper and/or collateral objectives, including due to their race and/or nationality. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring,

retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff LENROY MULLINGS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LENROY MULLINGS.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LENROY MULLINGS as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LENROY MULLINGS as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LENROY MULLINGS was subjected to excessive force.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LENROY MULLINGS' constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff LENROY MULLINGS of federally protected rights, including, but not limited to, the right:

      A.    To be free from the use of excessive force and/or the failure to intervene; and

      B.    To receive equal protection under law.

56.    As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

57.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. As a result of the foregoing, plaintiff LENROY MULLINGS was placed in apprehension of imminent harmful and offensive bodily contact.

64. As a result of defendants' conduct, plaintiff LENROY MULLINGS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

65. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants made offensive contact with plaintiff without privilege or consent.

68. As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

69. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Intentional Infliction of Emotional Distress under the laws of the State of New York</u>)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

72. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

73. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

74. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

75. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief, defendant CITY OF NEW YORK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of force against plaintiff.

79. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

80. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in use of force against plaintiff.

83. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

86. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. As a result of defendants' conduct, plaintiff was deprived of his right to equal

protection of laws.

92. As a result of the foregoing, plaintiff LENROY MULLINGS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff LENROY MULLINGS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 31, 2013

                                  LEVENTHAL & KLEIN, LLP
                                  Attorneys for Plaintiff LENROY MULLINGS
                                  45 Main Street, Suite 230
                                  Brooklyn, New York 11201
                                  (718) 722-4100

                          By: _____
                                  BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

LENROY MULLINGS,

                                   Plaintiff,

          -against-

CITY OF NEW YORK, OWEN MONK, Individually,
SHIEED HANIFF, Individually, DANIEL PERRINO,
Individually, VINCENT LINDNER, Individually,
JOHN BULERIN, Individually, ROBERTITO NAVARRO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                   Defendants.

---------------------------------------------------------------------------------X

13 CV 1061
(RJD) (VVP)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100